[Crim. No. 350.    Second Appellate District.—November 30, 1914.]

## THE PEOPLE, Respondent, v. MARTIN L. GREENING, Appellant.

CRIMINAL LAW—MURDER—EXCLUDING WITNESS FROM COURTROOM—DE-
NIAL OF RIGHT TO MAKE OPENING STATEMENT—LACK OF ABUSE OF
DISCRETION.—In this prosecution for murder it is held that the court
did not abuse its discretion in not excepting one indicted with the
defendant from an order excluding witnesses from the trial save
when called to testify; nor in denying defendant's attorneys the
privilege of making an opening statement on behalf of the defend-
ant before the introduction of evidence, the district attorney having
waived his right to make such a statement.

ID.—EVIDENCE—MOTIVE—ROBBERY—POSSESSION OF MONEY BY DEFEND-
ANT—PROPER CROSS-EXAMINATION OF DEFENDANT.—In a prosecution
for murder, where the theory of the prosecution was that the killing
by the defendant was for the purpose of robbing the deceased of
certain money of which he was shown to have been in possession
a short time prior to the homicide, and in line with this theory it
was shown that the defendant, after the homicide, was in possession
of certain money from which he made several disbursements around
town, and to contradict the effect of this evidence, defendant in his
own behalf testified that he had the money before the deceased was
killed, there was no error in permitting the district attorney, over
the objection of the defendant, on cross-examination, to question
him as to where, how, from whom, and when he got the money, the
amount, and disbursements thereof.

ID.—CROSS-EXAMINATION—DISCRETION OF COURT—TESTING CREDIBILITY
OF WITNESS.—The extent to which cross-examination may go is
largely a matter in the discretion of the trial court; and there was
no abuse of discretion in such a case in permitting an inquiry on
the cross-examination of the defendant, the result of which might
show the statements of the defendant to be untrue or even im-
probable, as such examination is calculated to elicit answers affect-
ing the weight to be given to the statements made by the witness.

26 Cal. App.—4

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order refusing a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Carpenter & Gibbons, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

SHAW, J.—By indictment defendant and one Mary Suggs were charged with the murder of Charles Quinn. Upon a separate trial, the jury convicted defendant of murder in the first degree, recommending that his punishment be fixed at imprisonment for life. Judgment followed in accordance with this recommendation, from which, and an order denying his motion for a new trial, he appeals.

It was admitted upon trial that defendant shot and killed Quinn, and it is conceded the evidence was sufficient to justify the verdict rendered.

The grounds upon which counsel ask for a reversal are: 1. That the court abused its discretion in not excepting Mary Suggs from an order excluding witnesses from the trial save when called to testify; 2. The district attorney having waived his right to make an opening statement to the jury before introducing evidence on behalf of the prosecution, the defendant's attorney asked leave to make an opening statement on behalf of defendant before the introduction of such evidence. The court denied him the privilege of so doing, and this ruling is assigned as abuse of discretion on the part of the court; and, 3. Erroneous rulings of the court in permitting the district attorney to cross-examine defendant. To illuminate these questions we are presented with a transcript of upwards of eleven hundred pages.

Consideration of the two assignments of error herein first noted may be dismissed with the statement that our attention is not directed to anything tending in the slightest degree to show an abuse of discretion on the part of the court. Neither, conceding such abuse, is it made to appear that the order and ruling could have affected the substantial rights of defendant. As to the order excluding witness Suggs from the courtroom during the trial, counsel for appellant say: "It is impossible

now to determine to what extent the defendant was prejudiced by her absence from the courtroom.'' And with reference to the refusal of the court to permit defendant's attorney to make an opening statement to the jury, prior to the close of evidence on behalf of the people, it is merely said: ''It would have tended to clarify the issue.''

The assignment of error based upon the ruling of the court in permitting the cross-examination of the defendant, is equally without merit. The theory of the prosecution was that the killing of Quinn by defendant was for the purpose of robbing him of certain money of which he was shown to have been in possession a short time prior to the homicide. In line with this theory it was shown that defendant, after the homicide, was in possession of certain money from which he made several disbursements around town. To contradict the effect of this evidence, defendant in his own behalf testified that he had the money before Quinn was killed. Thereupon, over defendant's objection, the district attorney was permitted to question him as to where, how, from whom, and when he got the money, and the amount and disbursements thereof. In this cross-examination defendant testified that he had won some thirty-five or forty dollars in a game of coon-can from one Sellers. Further questions on cross-examination were apparently for the purpose of showing the falsity of his statements, defendant being interrogated as to the identity of Sellers, the expenditure of the money so won, and generally as to what he and Sellers did, in the course of which he said that they went to different saloons and clothing stores. Whereupon he was asked if they went anywhere else, to which he replied: ''Went to a sporting house,'' Appellant insists that how, when, where, or from whom defendant obtained the money which he testified to having prior to the homicide, was wholly immaterial, and hence his objections should have been sustained. If such contention be true, there can be little purpose in cross-examination, the object of which in this case was to show that defendant had no money immediately prior to the killing of deceased. The extent to which cross-examination may go is largely a matter in the discretion of the trial court. Certainly there was no abuse of discretion in permitting an inquiry the result of which might show the statement of defendant to be untrue, or even improbable. The questions

were proper and well calculated to elicit answers affecting the weight to be given the statement made by the witness.

The points presented by counsel in conducting this appeal are so trivial and so wholly without merit that the prosecution thereof, at an expense to the taxpayers of several hundred dollars for a transcript of the proceedings, can only be justified upon the ground that in a criminal case the law gives to the defendant and counsel no opportunity for considering the merits of the case or advisability of an appeal, but compels them to appeal at once or lose the right so to do. The law in this regard should, in my opinion, be amended so as to give a defendant and his counsel time in which to consider whether or not the taking of an appeal be advisable.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.